No. 23,326.

GUY AUSTIN, *Appellee*, v. AMERICAN RAILWAY EXPRESS COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Dog Suspected of Hydrophobia—Head Sent by Express for Examination—Failure of Express Company to Deliver the Head—Elements of Damages.* The plaintiff was bitten by a dog suspected of having hydrophobia. The plaintiff's physician shipped the dog's head to Manhattan for the purpose of ascertaining whether or not the dog had hydrophobia at the time it bit the plaintiff. The box containing the shipment was marked, "Dog's Head, Rush." The defendant was informed of the accident to the plaintiff and of the purpose for which the head was being shipped to Manhattan. The head was not delivered. *Held*, that the defendant is liable for the expense of the shipment, the mental pain caused the plaintiff, the expense incurred for medical treatment to prevent hydrophobia, the pain caused by that treatment, and the damage sustained by loss of time while taking it, although the treatment proved to be unnecessary.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed July 9, 1921. Affirmed.

*J. D. Houston, C. H. Brooks,* and *Willard Brooks,* all of Wichita, for the appellant.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from an order denying its motion to strike out certain allegations of the plaintiff's petition and from an order overruling a demurrer to it. The petition of the plaintiff alleged:

"3. That on the 2d day of May, 1920, he was bitten by a dog, and from its conduct and actions, plaintiff was reasonably apprehensive that it had hydrophobia.

"4. That said plaintiff, reasonably apprehending that said dog had hydrophobia, after consulting two or more doctors decided to have an examination made of said dog.

"5. That the head of said dog was cut off and prepared for shipment by Dr. J. H. Knapp; and that said dog's head was packed in ice by Dr. Knapp and delivered to the aforementioned defendant.

"6. That the package containing said dog's head was delivered to the defendant on May 2, 1920, said package being addressed to the

Austin v. Express Co.

Veterinary Department, Kansas State Agricultural College, Manhattan, Kansas, and that the charges·were prepaid thereon.

"7. That the package containing said dog's head was marked 'Dog's Head, Rush,' and that Dr. J. H. Knapp specifically called defendant's attention to the fact that said box contained a dog's head and that the dog had bitten plaintiff that day and that the head was being sent to Manhattan to be examined by a state officer who would ascertain whether or not said dog had the hydrophobia when it bit the plaintiff, and the defendant thereupon promised to express the same on the first train and that the same was shipped from Arkansas City, Kansas, on the evening of May 2, 1920, on train No. 18.

"8. That the plaintiff is informed and believes that specialists in the Veterinary Department of the Kansas State Agricultural College can ascertain by testing and examining a dog's head whether or not said dog had hydrophobia when it died and that the head was sent for this purpose so that it might be determined whether or not the plaintiff, who had been bitten by said dog, was in danger of having hydrophobia.

"9. That the plaintiff is informed and believes that a dog which has hydrophobia can by its bite communicate this disease to a person unless certain remedies be taken within a short time from the time being bitten, but if these remedies be taken the disease can be avoided.

"10. That the dog's head was never delivered to the aforementioned Veterinary Department; and that the defendant willfully and wantonly failed to deliver the same.

"11. That if the defendant had done its duty and delivered the package containing the head of said dog to the address it would have been ascertained to a certainty whether or not said dog had hydrophobia when it bit the plaintiff and the plaintiff would have been informed of the result of said examination.

"12. That by reason of the negligence, carelessness, willfullness and wantonness of the defendant in failing to deliver said dog's head the plaintiff was compelled to receive medical attention for the purpose of avoiding possible hydrophobia, being reasonably apprehensive of the same ·and not knowing whether or not said dog had said disease.

"13. That by reason of said treatment and medical attention plaintiff was unable to work for twenty-six days, which resulted in a loss of $338 to said plaintiff; and that the cost of said treatment and medical attention was $150; and that the plaintiff underwent grevious physical pain and mental suffering and was sick for weeks, all of which would not have occurred had it been ascertained that said dog did not have hydrophobia, since which time plaintiff has become convinced that said dog did not have hydrophobia."

Judgment was asked for $2,990. The motion was as follows:

"Defendant moves to strike paragraphs 3, 4, 5, 8, 9, 11, 12 and 13 from the petition on the ground that the same charge damages sustained by defendant because of the alleged fact that it did not prevent the neces-

sity of plaintiff's taking treatment to prevent hydrophobia that might possibly have resulted from the bite of the dog in question; which said damages are remote, speculative, immaterial and uncertain and not recoverable in this action, and the allegations do not tend to furnish any measure of damages recoverable in the case."

It is argued on both the motion and the demurrer, that the defendant's negligence was not the proximate cause of the fear and anxiety of the plaintiff and of his being compelled to submit to medical treatment for the purpose of preventing hydrophobia, but that the proximate cause of these things was the bite of the dog.

The defendant was negligent in not delivering the dog's head. The damages that resulted from that negligence can be recovered. The charges that were paid for the shipment can be recovered and thus far the petition states a cause of action sufficient to justify the court in overruling the demurrer; but this does not meet the questions argued. What damages set out can be recovered under the allegations of the petition? The difficulty is in correctly answering this question. The defendant knew or ought to have known that delay would cause intense anxiety on the part of the plaintiff; that delay would cause him to seriously consider the matter of taking treatment without waiting until the last minute for a report from an examination of the dog's head; that the plaintiff would probably feel compelled to take treatment even though it should afterward prove unnecessary to do so; and that time would be lost while medical treatment was being taken. All these things must have been anticipated by the defendant and must have been within the contemplation of the parties at the time the shipment was made; damages can be recovered therefor.

This principle, the one which should be applied, is found in *Hanna v. Railway Co.,* 89 Kan. 503, 132 Pac. 154, where the following language was used:

"The principles of negligence and of liability therefor are the same whether the negligence is a breach of duty implied by law, in the absence of all contract, or a breach of duty arising out of a contractual relation; the difference being only as to the extent of liability. Where the duty arises out of contract, such damages only can be recovered for a breach of the contract as, under all the circumstances, could, at the time of the making of the contract, have been reasonably anticipated from a breach thereof." (Syl. ¶ 1.)

In the Hanna case the plaintiff recovered substantial damages for inconvenience, physical pain, and suffering caused by the failure of the defendant to send a telegram transmitting railroad tickets and money to the plaintiff in the union depot at St. Joseph, Mo., where she was at the time with three small children without money or food. The defendant was informed of the situation and agreed to transmit the tickets and money, but failed to do so. In the present case, the defendant was notified of the contents of the package and of the purpose for which it was being shipped. Failure to deliver was not the proximate cause of the injury to the plaintiff, but it was a proximate cause of his anxiety and of his unnecessarily taking treatment to prevent hydrophobia.

A case on all fours with this one is *Miller v. Express Company*, 99 S. C. 333. There a dog's head had been shipped by the father of the plaintiffs, who were children, for the purpose of ascertaining whether the animal had hydrophobia at the time it bit the plaintiffs. There was delay in delivering the head, and the express company was held liable.

The judgment is affirmed.